People v Carr

2026 NY Slip Op 02466

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jamar Carr, Defendant-Appellant.

Decided and Entered: April 23, 2026

Ind No. 75208/23|Appeal No. 6463|Case No. 2024-04349|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Michelle Pomerantz of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Shari R. Michels, J.), rendered June 11, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to three years of probation, unanimously modified, on the law, to the extent of striking the conditions of probation requiring him to pay a surcharge and fees, submit to any drug or alcohol assessment and/or tests if directed by the Department of Probation, participate in an alcohol, substance abuse, intervention, domestic violence or alternative to violence program as directed by the Department of Probation, and "[r]efrain from wearing or displaying gang paraphernalia" or "having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.

Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US 1302 [2020]) as "[t]he combination of the court's oral colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver" (People v Rivera, 237 AD3d 481, 482 [1st Dept 2025], lv denied 44 NY3d 1068 [2026]). Contrary to defendant's contentions, "[t]he language in the colloquy and the written waiver did not suggest that defendant waived his right to appellate counsel" (People v Rosario, 242 AD3d 527, 527 [1st Dept 2025], lv denied 44 NY3d 1068 [2026]), and his waiver is not rendered invalid merely because the court conducted the appeal waiver colloquy after defendant's allocution (see People v Jessamy, 237 AD3d 619, 619 [1st Dept 2025], lv denied 43 NY3d 1046 [2025]).

Defendant's valid waiver forecloses review of his excessive sentence claim (see e.g. People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]) and his as-applied constitutional challenges to the conditions of his probation (see People v Tompson, 245 AD3d 609, 610 [1st Dept 2026]). In any event, we perceive no basis for reducing defendant's sentence.

Defendant's waiver of appeal does not foreclose review of his Second Amendment claim pursuant to New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (People v Johnson, __ NY3d __, 2025 NY Slip Op 06528, *2 [2025]). Additionally, even though defendant did not apply for a gun license, he has standing to challenge the facial constitutionality of the state's firearm licensing scheme (id.). On the merits, defendant's Second Amendment claim fails. Bruen did not strike down New York's gun-licensing regime in its entirety; rather, it "invalidated the statute's proper cause requirement and left the balance of the statute undisturbed" (People v Peguero, 246 AD3d 668, 669 [1st Dept 2026]).

[*2]

Defendant's statutory challenges to six of the conditions of his probation also survive his waiver of appeal and are not subject to preservation requirements (People v Lowndes, 239 AD3d 574, 575 [2025], lv denied 44 NY3d 1012 [2025]). As to condition 7, requiring that defendant "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people," we find that the court providently exercised its discretion in imposing it (see Penal Law § 65.10[1]), given that defendant possessed a gun and used marijuana on a daily basis (People v Holley, 246 AD3d 583, 584-585 [1st Dept 2026]). We also find that the court providently imposed condition 14, requiring that he support dependents and meet other family responsibilities, as defendant is the father of eight children (People v Balogh, 245 AD3d 572, 573-574 [1st Dept 2026]; see Penal Law § 65.10[2][f]).

Considering the lack of any evidence that defendant's offense involved any drugs or alcohol, as well as the absence of any conclusion by the Department of Probation that defendant required substance abuse or related treatment, the conditions related to drug and alcohol testing and treatment (conditions 15 and 23) must be stricken (see Balogh, 245 AD3d at 574).

Condition 10, requiring defendant to pay the mandatory surcharge and fees, also must be stricken, as it is "not reasonably related to [his] rehabilitation, or necessary to ensure that he will lead a law-abiding life" (People v Brown, 246 AD3d 666, 667 [1st Dept 2026]; see also People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We note that the People do not oppose this relief.

Condition 24, requiring that defendant "[r]efrain from wearing or displaying gang paraphernalia" or associating with gang members, must also be stricken, as "[t]here is no evidence that [his] actions were connected to gang activity, or that [he] had a history of gang membership" (People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025], lv denied 44 NY3d 1054 [2025]; see also Brown, 246 AD3 at 667). In light of our determination, defendant's constitutional challenge to condition 24 is academic.

Defendant's constitutional challenge to condition 7 under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments is unpreserved, and we decline to review it in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]). As an alternate holding, we reject the argument on the merits (see People v Andujar, 245 AD3d 529, 529 [1st Dept 2026]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026